IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY A. MATHIS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 04-352 Erie |
| CITY OF ERIE POLICE DEPARTMENT, et al., | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

McLAUGHLIN, SEAN J., District J.,

    Plaintiff commenced the above-captioned case on December 3, 2004, seeking $150 million in damages against the City of Erie Police Department and numerous other Defendants for the alleged violation of her rights. Her *pro se* complaint [2], filed on December 7, 2004, essentially consisted of a copy of a letter addressed to the Erie County District Attorney in which she alleged various abuses by the Erie police in connection with a search of her residence.

    On March 14, 2005, she filed a motion [4] for a temporary restraining order at this same docket in which she challenged a determination by the City of Erie that certain property owned by her was blighted and subject to acquisition by eminent domain. Following a hearing on March 29, 2005, this Court determined that relief under Fed. R. Civ. P. 65(b) was not warranted.

    On April 21, 2005, Plaintiff filed a document entitled "Admend(ments) [sic] City of Erie Solicitor Relation Back '96/97 + 99 - Present Official Oppression/Abuse of Office" [12], which this Court interpreted as an attempt to amend her complaint. This document listed forty-six groups of agencies and/or individuals apparently intended to be added as Defendants in the case. Like her original complaint, this amended complaint failed to comport with the requirements of the Federal Rules of Civil Procedure to such a degree that the Court found it impossible for the claims to be

meaningfully litigated or analyzed.

Given these problems and Plaintiff's *pro se* status, the Court granted Plaintiff an impromptu status conference on April 22, 2005, at which time the Court provided Plaintiff a copy of Federal Rule of Civil Procedure 10 and allowed her to file an amended complaint in compliance with that rule on or before May 2, 2005. Because Plaintiff failed to make any filing within the allotted time frame and because it appeared that none of the named Defendants in the case had ever been properly served in compliance with Fed. R. Civ. P. 4(m), the Court on May 5, 2005 entered an order [15] dismissing Plaintiff's lawsuit.

Thereafter, Plaintiff filed two separate appeals ([22] and [27]) to the Third Circuit Court of Appeals, both of which were eventually dismissed due to the Plaintiff's failure to timely prosecute ([26] and [31]). At the district court level, Plaintiff filed a motion [29] to reopen her case on March 15, 2006, which was denied by this Court [30]. Plaintiff also filed a motion [32] for reconsideration on April 7, 2008, which was likewise denied [33].

Most recently, Plaintiff has filed three documents, respectively entitled "Emergency Pleading - Demand for Redress 04 352 Erie" [36], "Motion in Reversible Error" [37], and "Motion in Costs for Filing Etc. [...] Motion in Emergency Hearing and Appeals for Injunctions Reliefs" [sic] [38]. These documents, to the extent they are intelligible, appear to make vague assertions of torture, kidnaping, war crimes and hate crimes against Plaintiff and her family, apparently as a result of Plaintiff's involvement with local law enforcement agencies and/or the justice system.

Unfortunately for Plaintiff, these motions provide no basis upon which the Court can provide relief. The civil action at this docket has been closed for over three years. Plaintiff has twice attempted, unsuccessfully, to pursue her case before the Third Circuit Court of Appeals. Rules 59 and 60 of the Federal Rules of Civil Procedure provide limited circumstances in which a party can attempt to alter, amend, or obtain relief from an adverse judgment or order at the district court level;

however, Plaintiff's recent filings do not satisfy the requirements of these rules. Among other things, Plaintiffs' motions are out of time, since Rule 59 motions must be filed within ten days after an adverse judgment is entered and Rule 60 motions must be filed within a reasonable period of time, generally within a year from the time the adverse order is entered. To the extent Plaintiff seeks to assert a new cause of action, she will have to commence a new lawsuit, subject to the applicable statute of limitations and rules of *res judicata*.

AND NOW, *to wit*, this 17th day of November, 2008, upon consideration of Plaintiff's "Emergency Pleading - Demand for Redress 04 352 Erie" [36], "Motion in Reversible Error" [37], and "Motion in Costs for Filing Etc. [...] Motion in Emergency Hearing and Appeals for Injunctions Reliefs" [sic] [38],

IT IS HEREBY ORDERED that said motions are DENIED.

                                          s/    Sean J. McLaughlin
                                                 SEAN J. McLAUGHLIN
                                                 United States District Judge

cm:   Counsel of record

      Mary Mathis
      230 W. 18th Street, Erie, PA 16502
      217 E. 27th Street, Erie, PA 16504
      506 E. 25th Street, Erie, PA 16503